29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell Craig BLOCKER, Plaintiff-Appellant,
v.
Peggy L. KERNAN, Warden, et al., Defendants-Appellees.
 No. 93-16879.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell Craig Blocker appeals pro se the district court's order denying Blocker's motion for a preliminary injunction in his 42 U.S.C. Sec. 1983 prisoner civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1292.[1] We affirm.
 
 
 3
 Blocker contends the district court erred by denying his request for a preliminary injunction. We review the denial of a motion for a preliminary injunction for an abuse of discretion. Stanley v. University of S. Cal., 13 F.3d 1313, 1319 (9th Cir.1994). "In this circuit, a party seeking preliminary injunctive relief ... must show[ ] as an irreducible minimum that there is a fair chance of success on the merits." Id. (quotation and citation omitted).
 
 
 4
 Here, Blocker seeks an injunction ordering his release from administrative segregation. Blocker was placed in administrative segregation on June 9, 1992 at Pelican Bay State Prison because he is a member of the Black Guerilla Family, a prison gang. In his complaint, Blocker claims that his transfer to and continued detention in administrative segregation violates his rights under the Eighth and Fourteenth Amendments.
 
 
 5
 In the context of administrative segregation, due process requires only that prison officials hold an informal nonadversarial hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charge against him or the reasons for administrative segregation, and provide the prisoner with an opportunity to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987) (Toussaint I ).
 
 
 6
 Blocker claims that his due process rights were violated because prison officials relied on confidential sources in placing Blocker in administrative segregation and failed to allow Blocker to call a witness. "[D]ue process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Id. at 1101. Further, prison officials stipulated to the testimony of Blocker's proposed witness. Moreover according to Blocker's own complaint, he received notification of the charges and had an opportunity to present his views; therefore, Blocker's initial placement in administrative segregation met the minimal due process requirements of Toussaint I.
 
 
 7
 Blocker also claims that his continued retention in administrative segregation violates his right to due process. Blocker receives a periodic review of his retention in administrative segregation every 120 days. Accordingly, Blocker's continued detention in administrative segregation does not violate his right to due process. See Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir.1990) (finding that California's policy to review administrative segregation decisions every 120 days does not violate due process), cert. denied, 112 S.Ct. 213 (1991) (Toussaint II ).
 
 
 8
 Finally, Blocker's Eighth Amendment claim is based on a lack of contact visitation with his family and friends. This court has already ruled that a lack of contact visitation does not violate the Eighth Amendment. Toussaint I, 801 F.2d at 1113-14.
 
 
 9
 Because Blocker has shown little likelihood of success on the merits of his claims, the district court did not abuse its discretion in denying his request for a preliminary injunction. See Stanley, 13 F.3d at 1319.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Blocker filed a motion for a temporary restraining order and/or a preliminary injunction. The district court treated the request as one for a preliminary injunction. Accordingly, the district court's order is appealable. See Graham v. Teledyne-Continental Motors, 805 F.2d 1386, 1388 (9th Cir.1986), cert. denied, 484 U.S. 815 (1987)